IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| DAWN PECOR, | ) CIVIL ACTION NO. 2:23-CV-03613 |
| PLAINTIFF, | ) |
| VS. | ) **DEFENDANT AMERICAN AIRLINES, INC.'S ANSWER** |
| AMERICAN AIRLINES, INC. | ) |
| DEFENDANT. | ) |

Defendant American Airlines, Inc. (hereinafter "American Airlines" or "Defendant") by and through the undersigned counsel, hereby responds to the Plaintiff's Complaint. Each and every allegation contained in the Complaint is denied unless expressly admitted below. Defendant specifically responds to the numbered paragraphs as follows:

**FOR A FIRST DEFENSE TO THE COMPLAINT**

1. Upon information and belief, the allegations contained within Paragraph 1 are admitted.

2. American Airlines admits so much of Paragraph 2 as alleges that it is a corporation organized and existing under the laws of the State of Delaware and that it operates in Charleston County, South Carolina and various countries and states. American Airlines denies the remaining allegations contained in Paragraph 2 of Plaintiff's Complaint.

3. American Airlines admits so much of Paragraph 3 as alleges that the allegations contained in Paragraph 3 are alleged to have occurred within Charleston County, South Carolina. American Airlines denies the remaining allegations contained in Paragraph 3 of Plaintiff's Complaint.

1

4. The allegations contained within Paragraph 4 contain conclusion of law to which no response is required. To the extent that a response is required, those allegations are denied.

5. American Airlines incorporates by reference its responses to Paragraphs 1-4 as if fully stared herein verbatim.

6. Upon information and belief, the allegations contained within Paragraph 6 are admitted.

7. The allegations contained within Paragraph 7 are denied.

8. The allegations contained within Paragraph 8 are denied.

9. The allegations contained within Paragraph 9 are denied.

**FOR A FIRST DEFENSE TO PLAINTIFF'S FIRST CAUSE OF ACTION**

10. American Airlines reassert and reallege herein each and every response provided above, not inconsistent herewith.

11. The allegations contained within Paragraph 11, including subparagraphs "a" through "l," contain conclusions of law to which no response is required. To the extent that a response is required, those allegations are denied. By way of further response, American Airlines avers that to the extent that a duty was owed to the Plaintiff, American Airlines complied with all duties.

12. The allegations contained within Paragraph 12 contain conclusions of law to which no response is required. To the extent that the allegations within this Paragraph allege or aver that American Airlines breached a duty owed to the Plaintiff, those allegations are denied.

13. The allegations contained within Paragraph 13, including subparagraphs "a" through "k" are denied.

14. The allegations contained within Paragraph 14 are denied.

15. The allegations contained within Paragraph 15 are denied.

16. The allegations contained within Paragraph 16 are denied.

17. The allegations contained within Paragraph 17 are denied.

**FOR A FIRST DEFENSE TO PLAINTIFF'S *AD DAMNUM* OR WHEREFORE CLAUSE**

18. Answering the unnumbered paragraph beginning with "WHEREFORE," American Airlines denies that Plaintiff is entitled to any relief sought therein.

## FOR A SECOND DEFENSE TO THE COMPLAINT
## (RULE 12(b)(6))

19. Plaintiff's Complaint fails to state a cause of action upon which relief can be granted against American Airlines and should be dismissed.

## FOR A THIRD DEFENSE TO THE COMPLAINT
## (INSULATING/INTERVENING NEGLIGENCE OF THIRD PARTIES)

20. If it is determined that American Airlines was negligent as alleged in the Plaintiff's Complaint, or otherwise, which has been and is once again denied, and that such negligence was a direct and proximate cause of the Plaintiff's injuries or damages, if any, all of which has been and is once again denied, then it is alleged that third parties over whom this American Airlines did not have a right of control or authority, were negligent or caused the events giving rise to the Plaintiff's Complaint, and that such negligence or acts were "a" proximate cause or "the" proximate cause of the Plaintiff's injuries and damages, if any, and said negligence or acts were insulating/intervening negligence and said insulating/intervening negligence is pleaded in bar of any purported right of the Plaintiff to recover anything from American Airlines.

**FOR A FOURTH DEFENSE TO THE COMPLAINT**
**(MITIGATION OF DAMAGES)**

21.     American Airlines alleges that Plaintiff failed to mitigate some or all of her damages, if any. Any award much be the reduced by the amount by which Plaintiff could have, but failed to, mitigate any alleged damages.

**FOR A FIFTH DEFENSE TO THE COMPLAINT**
**(CONTRIBUTORY NEGLIGENCE)**

22.     If it is determined that American Airlines was negligent as alleged in the Plaintiff's Complaint, or otherwise, which has been and is once again denied, and that such negligence was a direct and proximate cause of the Plaintiff's injuries or damages, if any, all of which has been and is once again denied, then it is alleged that the Plaintiff was negligent and that such negligence was "a" proximate cause or "the" proximate cause of her injuries and damages, and said negligence was contributory negligence, and said contributory negligence is pleaded in bar of any purported right of the Plaintiff to recover anything from the American Airlines in this action. Upon information and belief, Plaintiff was contributorily negligent in that:

  (a) She was not wearing her seatbelt at the time of the alleged landing contrary to the instructions of the flight crew;

  (b) She was not properly wearing her seatbelt at the time of the alleged landing;

  (c) Her seat back, tray table, carry-on luggage and/or personal items were not properly positioned or stowed in accordance with the direction of the flight crew prior to the aircraft's landing;

  (d) She utilized her cellular phone, smart phone, personal data assistants (PDA), or other handheld devices in contravention of the instructions of the flight crew, and consequently, failed to heed the instructions and/or warnings from the flight crew regarding the prospective landing of the aircraft; and/or

  (e) Was otherwise negligent or careless.

## FOR A SIXTH DEFENSE TO THE COMPLAINT
### (ASSUMPTION OF RISK)

23. Upon information and belief, the American Airlines alleges that Plaintiff's injuries and damages, if any, were caused or contributed to by Plaintiff's primary and/or implied assumption of risk her:

  (a) Not wearing her seatbelt at the time of the alleged landing contrary to the instructions of the flight crew.;

  (b) Not properly wearing her seatbelt at the time of the alleged landing;

  (c) Not properly positioning or stowing her seat back, tray table, carry-on luggage and/or personal items in accordance with the direction of the flight crew prior to the aircraft's landing;

  (d) Utilizing her cellular phone, smart phone, personal data assistant (PDA), or other handheld device(s) in contravention of the instructions of the flight crew such that she failed to heed the instructions and/or warnings from the flight crew regarding the prospective landing of the aircraft; and/or

  (e) General assumption of risk that commercial air travel can cause passengers to experience turbulence, wind shear, and other environmental, meteorological, and/or atmospheric conditions that may affect the quality of the flight.

## FOR A SEVENTH DEFENSE TO THE COMPLAINT
### (COMPARATIVE FAULT)

24. If it is determined that the rules of comparative negligence should apply in this case, the American Airlines states that the conduct of Plaintiff, including her negligence and/or her assumption of the risks as set forth in previous affirmative defenses, caused in whole or in part the

injuries and damages alleged and complained of in the Complaint, and therefore, any damages as alleged should be diminished by the proportion in which Plaintiff's conduct bears to any culpable conduct of the American Airlines, or other parties who are responsible for the injuries at issue but not named as defendants.

### FOR AN EIGHTH DEFENSE TO THE COMPLAINT
### (SUDDEN EMERGENCY)

25.     If it be determined that following landing, the aircraft engaged in "sudden braking" as alleged in the Plaintiff's Complaint, and that this incident was "a" or "the" proximate cause of any of Plaintiff's injuries or damages, if any, then it is alleged that the American Airlines was confronted with a sudden environmental, meteorological, and/or atmospheric emergency not of its own creation in which it exercised due care under the circumstances such that a "hard landing" was unavoidable. The sudden emergency is pleaded in bar to any recovery against this American Airlines in this action.

### FOR A NINTH DEFENSE TO THE COMPLAINT
### (EQUITABLE DOCTRINES)

26.     American Airlines alleges that the claims against it are barred by equitable doctrines of *laches*, estoppel, or unclean hands.

### FOR A TENTH DEFENSE
### (NO DUTY OWED)

27.     American Airlines alleges that at the location or site where the Plaintiff allegedly sustained injury, American Airlines owed no legal duty to the Plaintiff.

### FOR AN ELEVENTH DEFENSE TO THE COMPLAINT
### (CREDIT OR SETOFF)

28.     To the extent that the Plaintiff has received payments from any source for any of the alleged injuries or damages which are the subject matter of this action, then it is alleged and prayed that the American Airlines be given a credit or setoff as to any judgment rendered against it in this

action for such amounts paid to or for the benefit of Plaintiff by any liability insurance carrier that has or may pay Plaintiff for injuries sustained in the subject accident.

### FOR A TWELFTH DEFENSE TO THE COMPLAINT
### (PRE-EXISTING CONDITION)

29.     Plaintiff's alleged damages and injuries were the result of pre-existing conditions which were unrelated to any conduct of the American Airlines.

### FOR A THIRTEENTH DEFENSE TO THE COMPLAINT
### (PECULIAR SENSITIVITY)

30.     To the extent that Plaintiff's injuries as alleged in the Complaint were caused directly, solely, and proximately by the sensitivities, medical conditions, and idiosyncrasies peculiar to the Plaintiff, and not found in the general public, they were unknown or not reasonably foreseeable to the American Airlines.

### FOR A FOURTEENTH DEFENSE TO THE COMPLAINT
### (REGULAR USER/ASSUMPTION OF RISK)

31.     Plaintiff cannot recover on her claim against American Airlines because Plaintiff regularly used the aircraft or substantially similar aircraft or regularly engaged in commercial air travel and possessed special knowledge of same.  Therefore, with this base of knowledge, Plaintiff knew or should have known of the potential dangers of commercial air travel, and therefore, cannot prevail on her claim against the American Airlines.

### FOR A FIFTEENTH DEFENSE TO THE COMPLAINT
### (ACT OF GOD)

32.     To the extent the occurrence and damages in the Plaintiff's Complaint resulted from an Act of God, an unavoidable accident, and/or a sudden emergency for which the American Airlines is not liable or responsible.

**FOR A SIXTEENTH DEFENSE TO THE COMPLAINT**
**(INSUFFICIENT PLEADING FOR PUNITIVE DAMAGES)**

33.     To the extent that the Plaintiff is seeking punitive damages, the Plaintiff has failed to properly plead the aggravating factor with particularity that would give rise to a claim for punitive damages against American Airlines, and accordingly, the claim and prayer for punitive damages should be dismissed.  Alternatively, to the extent that such aggravating factors were properly pled, the claim and prayer for punitive damages should be dismissed as there is no clear and convincing evidence of any such aggravating factor.

**FOR A SEVENTEENTH DEFENSE TO THE COMPLAINT**
**(PUNITIVE DAMAGES INAPPROPRIATE)**

34.     To the extent that the Plaintiff is seeking punitive damages, upon review of the Complaint, there is no basis for a claim of punitive damages.  American Airlines has not engaged in malicious, reckless, willful, wanton, wrongful, or intentional conduct upon which an award of such damages could be based, and Plaintiff has failed to prove, by clear and convincing evidence, that such conduct caused any harm to Plaintiff.

**FOR AN EIGHTEENTH DEFENSE TO THE COMPLAINT**
**(STATUORY/CONSTITUTIONAL LIMITATIONS ON PUNITIVE DAMAGES)**

35.     An award of punitive damages can and often does violate the South Carolina Constitution and the United States Constitution under certain circumstances.  American Airlines reserves the right to challenge any award of punitive damages on the basis that it is a violation of law, the United States Constitution, and the South Carolina Constitution.  American Airlines would show that any award of punitive damages to Plaintiff must be reduced and/or limited to the amounts as specified and controlled by S.C. Code Ann. § 15-32-530 and reserves the right to raise any and all substantive, procedural, or other defenses or requirements in opposition to any claim for

punitive damages. American Airlines further requests trial bifurcation on the issues of actual and punitive damages pursuant to S.C. Code Ann. § 15-32-520.

### FOR A NINETEENTH DEFENSE TO THE COMPLAINT
### (FAILURE TO PLEAD SPECIAL OR CONSEQUENTIAL DAMAGES)

36.     To the extent Plaintiff seeks special or consequential damages, her claims should be dismissed for failure to state such damages with the required specificity.

### FOR A TWENTIETH DEFENSE TO THE COMPLAINT
### (FEDERAL PREEMPTION)

37.     Plaintiff's Complaint fails to state viable causes of action against American Airlines because these causes of action are preempted by the preemption provisions of the Airline Deregulation Act of 1978, including but not limited to, 49 U.S.C. 41713(b)(1), and interpreting case law.

### FOR A TWENTY-FIRST DEFENSE TO THE COMPLAINT
### (RESERVATION OF RIGHTS)

38.     American Airlines has not had an opportunity to conduct a sufficient investigation or to engage in adequate discovery touching on the circumstances of Plaintiff's allegations. American Airlines intends to act as best it can to inform itself as to the pertinent facts and prevailing circumstances surrounding any reported damage or injury to Plaintiff as alleged in the Complaint, and gives notice of its intent to assert any further affirmative defenses that its information gathering process may indicate are supported by fact and law, including, but not limited to, a defense that the action is barred in whole or in part by any applicable statute, contract, release, or equitable doctrine.  American Airlines therefore reserves the right to amend and/or supplement this Answer.

WHEREFORE, Defendant American Airlines, Inc. having fully answered Plaintiff's Complaint, prays as follows:

1) That Plaintiff have and recover nothing of the Defendant in this action;

2) That the Plaintiff's action against the Defendant be dismissed, with prejudice, and that the cost of this action be taxed against the Plaintiff, and that the Defendant have and recover defense costs, attorneys' fees, and any other damages allowable under law;

3) That there be a trial by jury; and

4) That the Defendant have and recover any such other and further relief as the Court may deem just and proper.

        Respectfully submitted,

        NELSON MULLINS RILEY & SCARBOROUGH LLP

        By: s/David C. Dill
            David C. Dill
            Federal Bar No. 11860
            Email: david.dill@nelsonmullins.com
            2 W. Washington Street / Suite 400
            Greenville, SC  29601
            (864) 250-2300

        *Attorneys for American Airlines, Inc.*

Greenville, South Carolina
July 28, 2023